**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4379

TROY KELLY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-96-14)

Submitted: November 27, 1996

Decided: January 14, 1997

Before NEIMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, John S. Bowler, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Troy Kelly appeals the district court's order affirming his conviction for assault[1] after a bench trial by a magistrate judge. Kelly's attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but raising the issue that Kelly was improperly denied his right to a jury trial. Kelly was notified of his right to file a supplemental brief, which he failed to do. In accordance with the requirements of <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Rather, we hold that Kelly was not entitled to a jury trial because he was charged with a petty offense. Accordingly, we affirm the order of the district court.

Kelly contends that he was entitled to a jury trial because his potential exposure of risk was six months imprisonment and a $5,000 fine. Kelly argues that the $5,000 fine makes his offense serious enough to warrant a jury trial. We disagree. The amount of the fine is not necessarily determinative of the right to a jury trial. [2] More importantly, where the maximum prison term is no higher than six months, the offense is presumed to be petty despite additional penalties.[3] The only means to overcome this presumption is to show that any additional penalties, "viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a `serious' one."[4] Although $5000 is hardly an insignificant burden to the average individual, there is no indication that Congress intended this crime to be classified as serious. When Congress raised the maximum fine for all

_____

**1** <u>See</u> 18 U.S.C.A. § 113(a)(5) (West. Supp. 1996).
**2** <u>See</u> **<u>Muniz v. Hoffman</u>**, 422 U.S. 454, 477 (1975).
**3** <u>See</u> **<u>Blanton v. City of N. Las Vegas</u>**, 489 U.S. 538, 543 (1989).
**4** <u>Id.</u>

2

federal petty offenses to $5000, it gave no indication that the nature of the crime had changed.**5** The offense remained a Class B misdemeanor, and the term of imprisonment remained six months.**6** In fact, Congress has specifically stated that a Class B misdemeanor is a petty offense.**7** Just because Kelly is potentially subject to a $5000 fine does not entitle him to a trial by jury when the maximum imprisonment term is less than six months.**8** Therefore, a jury trial was properly denied in this case.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**5** <u>See</u> 18 U.S.C.A. § 3571 (West Supp. 1996).
**6** <u>See</u> 18 U.S.C.A. § 3581 (West 1985).
**7** <u>See</u> 18 U.S.C.A. § 19 (West Supp. 1996).
**8** <u>See **United States v. LaValley**</u> , 957 F.2d 1309, 1312 (6th Cir.) (holding that offense with potential exposure of a six month period of incarceration, a fine of $5,000 and a five year term of supervised release was "petty" within the meaning of <u>Blanton</u>), <u>cert. denied</u>, 506 U.S. 972 (1992).